IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TROY V. CLEVELAND,

        Petitioner,

v.                                                        CIVIL ACTION NO: 5:09cv120
                                                              (Judge Stamp)

JAMES N. CROSS,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 10, 2009, the *pro se* petitioner, Troy V. Cleveland, an inmate at USP Hazelton, filed this Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on January 19, 2010. On March 1, 2010, the petitioner filed a Motion to Amend,[1] which was granted by Order entered on March 2, 2010. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

On October 5, 1993, the petitioner, along with ten others, was charged with conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846. On January 7, 1994, the petitioner was found

---

[1] Although the petition styled his pleading as a Motion to Amend, he did not seek to add any additional grounds for relief. Rather, he simply enlarged his argument in support of his petition by citing U.S. v. Benford, 574 F.2d 1228 (9th Cir. 2009). The petitioner relies on this case for his assertion that sections 2255's one-year limitation period renders it a critical stage in a criminal proceeding and, therefore, the denial of his petition as untimely denied him "the fundamentally fair collateral procedures guaranteed by the Fifth Amendment's Due Process Clause, entitling him to proceed under 28 U.S.C. § 2241(c)(3). (Doc. 12, p.2). For the reasons discussed in the body of this Report and Recommendation, the undersigned finds no merit to the petitioner's argument.

1

guilty by a jury of conspiracy to distribute crack cocaine and distribution of crack cocaine. On March 18, 1994, the petitioner was sentenced to thirty years by the United States District Court for the Eastern District of Virginia. The petitioner filed an appeal with the Fourth Circuit attacking the sufficiency of the evidence underlying his conviction and arguing that the court erred by failing to give a multiple conspiracy instruction. In addition, the petitioner raised various challenges to his sentence. On January 30, 1995, the Fourth Circuit affirmed the petitioner's conviction and sentence. See United States v. Todd Antonio Foster et al, , 46 F.3d 1127, 1995 WL 32613. On July 15, 1999, the petitioner filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. On August 10, 2000, the petitioner's § 2255 motion was denied because it was time barred. (Doc. 1-2, p. 3). On June 12, 2001, the Fourth Circuit Court of Appeals denied the petitioner a Certificate of Appealability and dismissed the petitioner's appeal of the district's court's denial of his §2255 motion after finding that the motion was indeed time barred.(Doc. 1-2, p. 6). On August 22, 2001, the petitioner's petition for rehearing and rehearing *en banc* was denied. The petitioner's petition for writ of certiorari was denied on October 7, 2002. On September 5, 2002, the petitioner filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6), which was construed as a § 2255 motion and subsequently denied. (Doc. 1-2, p. 7). On January 6, 2005, the petitioner filed an "Ends of Justice" Motion pursuant to the all writs act under 28 U.S.C. § 1651(a). The motion was denied on April 5, 2005. (Doc. 1-2, p. 12). The district court's decision was affirmed by the Fourth Circuit on October 18, 2005. (Doc. 1-2, p. 13). The petitioner filed another Rule 60(b)(6) motion on August 22, 2007, which was denied on November 21, 2007. (Doc. 1-2, p. 15). The Fourth Circuit affirmed that decision on June 13, 2008. (Doc. 1-2, p. 16).

### III. Claims of the Petition

The petitioner alleges two grounds for seeking relief. First, he alleges that his trial counsel was ineffective because he failed to present a proposed theory of defense jury instructions. Second, he alleges that trial counsel was ineffective because he failed to submit proposed cautionary jury

2

instructions regarding the use of self-admitted coconspirators' plea agreements.

### IV. Analysis

#### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is apparently seeking to have his conviction vacated, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is

3

time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.[2]

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Although the petitioner has raised the savings clause, and made an admirable effort to demonstrate that he is entitled to its application,[3] it is clear that under Fourth Circuit precedent he is not. Even if the petitioner satisfied the first and the third elements of Jones, violations of 21 U.S.C. § 846, 21

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[3]The petitioner asserts that his original 2255 petition was not untimely, arguing that the one year limitation period should have begun to run from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The petitioner maintains that he was ignorant of the basis for his claim of ineffective assistance of counsel until March of 1999, thereby making his July 15, 19999, 2255 timely. The petitioner then argues because neither the district Court nor the Fourth Circuit addressed his reliance on (f)(4), his remedy under 2255 has been rendered inadequate or ineffective. However, it is not within this Court's authority to revisit the issue of the timeliness of the petitioner's 2255. Rather, this Court is bound by the savings clause as defined by the Fourth Circuit.

U.S.C. § 841(a)(1) and 18 U.S.C. § 2 remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## VI. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: March 5, 2010

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE