IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


TROY V. CLEVELAND,

      Petitioner,

v.                                   Civil Action No. 5:09CV120
                                           (STAMP)
JAMES N. CROSS,

      Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Troy V. Cleveland, was convicted by a jury in the United States District Court for the Eastern District of Virginia with conspiracy to distribute crack cocaine and distribution of crack cocaine. The petitioner was sentenced to thirty years imprisonment. The petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the petitioner's conviction and sentence.

Thereafter, he filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. That motion was denied by the district court because it was time barred. The Fourth Circuit denied the petitioner a certificate of appealability and dismissed the petitioner's appeal of the district court's denial of his § 2255 motion. The petitioner's petitions for rehearing, rehearing

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

en banc, and writ of certiorari were all denied.  The petitioner's
later filed motion for relief from judgment pursuant to Rule
60(b)(6) of the Federal Rules of Civil Procedure, which was
construed as a § 2255 motion, as well as his "Ends of Justice"
motion pursuant to 28 U.S.C. § 1651(a), were also denied, and
affirmed by the Fourth Circuit.  Finally, the petitioner filed a
second Rule 60(b)(6) motion, which was also denied.  The Fourth
Circuit affirmed this decision, as well.

Now, the petitioner has filed an application for habeas corpus
pursuant to 28 U.S.C. § 2241, alleging that his trial counsel was
ineffective because he failed to present a proposed theory of
defense jury instruction, and failed to submit proposed cautionary
jury instructions regarding the use of self-admitted
coconspirators' plea agreements.  The petitioner also filed a
motion to amend, which does not seek grounds for additional relief,
but simply enlarges his argument in support of his petition.  This
matter was referred to United States Magistrate Judge James E.
Seibert for a report and recommendation pursuant to Local Rule of
Prisoner Litigation Procedure 83.09.

The magistrate judge granted the petitioner's motion to amend.
Furthermore, the magistrate judge issued a report and
recommendation recommending that the petitioner's § 2241 petition
be denied and dismissed.  The magistrate judge advised the parties
that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file
written objections to his proposed findings and recommendations

2

within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

The magistrate judge recommended to this Court that the petitioner's § 2241 petition be dismissed because the petitioner's claims are not properly raised under § 2241 because they do not challenge the manner in which his sentence is being executed. Moreover, the magistrate judge found that the petitioner cannot invoke the savings clause in § 2255, permitting relief to be sought under § 2241, because the petitioner's § 2241 petition does not meet all the necessary requirements.

3

This Court agrees with the magistrate judge that the petitioner has improperly filed a § 2241 motion. A § 2241 motion is used to attack the manner in which a sentence is executed. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973). In his petition, however, the petitioner is in effect challenging the validity of his conviction and sentence.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by a § 2255 motion is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1994 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, a § 2255 motion is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

Here, the petitioner has failed to establish the elements required by Jones because violations of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2 remain criminal offenses. Therefore,

the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

## IV.  Conclusion

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1).  He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241.  <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to counsel of record

5

herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk

is directed to enter judgment on this matter.

     DATED:     August 9, 2010

                        /s/ Frederick P. Stamp, Jr.
                        FREDERICK P. STAMP, JR.
                        UNITED STATES DISTRICT JUDGE